IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA PUCKETT, #53984-177, | § | |
| Movant, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-1077-K |
| | § | (CRIMINAL CASE NO. 3:16-CR-67-K-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Joshua Puckett's ("Puckett") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is **DENIED**.

### I.   BACKGROUND

In August 2018, Puckett pled guilty to six counts of an eight-count second superseding indictment charging him with conspiracy to commit carjacking (count 1), carjacking (counts 3, 5, & 7), and using, carrying, and brandishing a firearm (counts 4 & 8). Pursuant to a plea agreement under FED. R. CRIM. P. 11(c)(1)(C), the stipulated sentence was 420 months' imprisonment. Crim. Doc. 63, 68. Puckett also signed a factual resume that detailed his extensive crime spree. Crim. Doc. 57.

While Puckett was awaiting sentencing, the Court granted his counsel's motion to withdraw from the representation and appointed new counsel. Crim. Doc. 72. The Presentence Report was filed shortly thereafter. Crim. Doc. 77. In December 2018,

however, Congress passed the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As relevant here, Congress amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to eliminate stacking. *See id*, § 403. After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C).

On March 8, 2019, Puckett wrote a letter to the Court requesting to withdraw his guilty plea due to the passage of the First Step Act. Crim. Doc. 86. He noted that his counsel and the prosecutor disagreed with his decision. *Id.* Defense counsel later filed a *Motion to Withdraw Guilty Plea as Instructed by Client* and the Government filed a response in opposition. Doc. 87, Doc. 90. Probation then filed an *Addendum to the Presentence Report*, detailing the changes under the First Step Act. Doc. 91. Shortly after, the Court scheduled the case for an evidentiary hearing to address the motion to withdraw. Crim. Doc. 92.

The parties subsequently entered into a *Second Amended Plea Agreement* under FED. R. CRIM. P. 11(c)(1)(C), with a stipulated sentence of 360 months' imprisonment. Crim. Doc. 93. Based on this, the Court held back-to-back rearraignment and sentencing hearings on May 22, 2019. Essentially, the Court granted Puckett's motion to withdraw his first plea, accepted his guilty plea to the second plea agreement, and

sentenced him to the agreed sentence of 360 months' imprisonment. Crim. Doc. 108; Crim. Doc. 105.

Puckett did not appeal but then filed this timely § 2255 motion. Doc. 5. He alleges ineffective assistance of counsel and challenges the voluntariness of his guilty plea. Specifically, he asserts counsel (1) failed to adequately investigate his crimes and interview him and (2) pressured him into signing the second plea agreement, rendering his plea unknowing and involuntary. Doc. 5 at 4, 19-20. The Government filed a response opposing the § 2255 motion and Puckett filed a reply. Doc. 9; Doc. 11.

After review of all pleadings and the applicable law, the Court concludes that Puckett's claims have no merit. The § 2255 motion should therefore be denied.

## II. ANALYSIS

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

In addition, when challenging the validity of his guilty plea, a movant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). The movant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly).

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688.

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant

bears the burden of showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### A. Guilty Plea was Voluntary and Counsel was not Ineffective

Dissatisfied with his sentence, Puckett makes the related arguments that (1) his plea was involuntary, (2) counsel rendered ineffective assistance in advising him to plead guilty to the second plea agreement, and (3) counsel improperly coerced him to plead guilty. Doc. 5 at 5. Puckett asserts his newly appointed counsel lacked interest in his case. Thus, in March 2019, he personally wrote to the Court requesting to withdraw from the first plea agreement in light of the First Step Act. Doc. 5 at 17-18; Crim. Doc 86. When he appeared before the Court on May 22, 2019, Puckett states that he was "under the impression that [the] hearing was regarding [his March] letter." Doc. 5 at 18. Counsel, however, advised him that the Government had offered him a new plea deal of 360 months and that he had 15 minutes to consider it. Doc. 5 at 19.

Puckett contends that his "plea was not the product of a free and rational choice" but was "induced, involuntary, and unintelligent" and that "its principal motivation was fear of life in prison[.]" Doc. 5 at 19-20; Doc. 11 at 5. He claims the plea "was procured by his counsel who was not [acting] in [Puckett's] best interest[.]" Doc. 5 at 20. Specifically, Puckett alleges counsel "betray[ed] her duty and trust to gain a

conviction for the government through [a] plea agreement which violates his due process right to effective counsel." *Id.* In his reply, Puckett reiterates his plea "was not the product of a free and rational choice." Doc. 11 at 7-8. He states that counsel pressured him to sign the second plea agreement and instructed "him to answer yes to the court's questions." *Id*. He also notes that he was sentenced within only 20 minutes of entering the plea. *Id*.

The record belies Puckett's assertions, however. In the second plea agreement, Puckett affirmed that his plea of guilty was freely and voluntarily made and that he was fully satisfied with his lawyer's legal explanations of the plea agreement, his rights affected by the agreement, as well as alternatives available to him other than entering into the plea agreement. Crim. Doc. 93 at 9-10. Puckett repeated these affirmations at rearraignment before this Court. Crim. Doc. 108. He admitted under oath that he understood the elements of the offenses to which he was pleading guilty and the potential penalties. He also confirmed that: (1) he had reviewed the second plea agreement with counsel and understood all of its provisions; (2) no one had made any promises to induce him to enter into the second plea agreement; and (3) he was freely and voluntarily pleading guilty. Crim. Doc. 108 at 17-20, 26-29. Puckett also affirmed that he had reviewed the factual resume before signing it, and that the stipulated facts

Page 6 of 10

contained in it were true. Crim. Doc. 108 at 20, 27-28. He further averred that he was fully satisfied with his counsel's advice. Crim. Doc. 108 at 17.

Similarly at sentencing, Puckett voiced no objection about the voluntariness of his guilty plea or his counsel's advice and allegedly deficient performance. Crim. Doc. 105 at 3. He assured the Court that he had no objection to proceeding directly into the sentencing hearing since a Presentence Report had been prepared previously. *Id.* Puckett also agreed that his sentence should be 360 months even after the First Step Act. Crim. Doc. 105 at 7. Indeed, when given the opportunity to address the court *after* the court had accepted the second plea agreement, Puckett admitted his guilt and apologized. Crim. Doc. 105 at 9. These circumstances strongly suggest Puckett's claims are driven by "buyer's remorse" rather than any defect in the guilty plea procedure.

In sum, Puckett presents only self-serving, *post hoc* assertions—not "contemporaneous evidence"—that his guilty plea was knowing and voluntary. However, his statements are belied by the record and insufficient to contradict his testimony at rearraignment. *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's

expressed preferences."); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing).

As stated previously, sworn statements made in open court are entitled to a strong presumption of truthfulness. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Consequently, a defendant will not be permitted to contradict his testimony given under oath at arraignment and sentencing. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring movant to produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted his allegations); *United States v. Guzman*, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (rejecting *post hoc* assertion that the defendant would have proceeded to trial but for counsel's alleged errors based on defendant's sworn statements at re-arraignment and sentencing).

Based on this record, Puckett's unsupported assertions that counsel coerced him to plead guilty are clearly contradicted by his attestations in the second plea agreement and under oath at rearraignment. In any event, Puckett has wholly failed to demonstrate prejudice—namely that but for his counsel's alleged coercion and erroneous advice about the second plea agreement, he would not have pleaded guilty

and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Puckett has offered no proof other than his belated, conclusory assertions here that he even considered doing anything other than entering a knowing and voluntary plea.

For the foregoing reasons, the Court concludes that Puckett has failed to establish that his guilty plea was not knowing and voluntary based on counsel's allegedly deficient performance or that he was prejudiced as a result of the same. Thus, Puckett's claims fail.

### B. Failure-to-Investigate Claim also Lacks Merit

Next, Puckett asserts counsel failed to perform an independent investigation and simply relied on him taking the second plea deal. Doc. 5 at 4. In his reply, Puckett adds that counsel "failed to provide [him] with discovery material and to conduct any investigation and or hire an investigator[.]" Doc. 11 at 5.

In claiming that counsel failed to adequately investigate his case, Puckett must demonstrate with specificity both what the investigation would have revealed and how it would have benefitted him. *See United States v. Curtis*, 769 F.3d 271, 276. (5th Cir. 2014). He wholly fails to do either. Moreover, as previously noted, his testimony at re-arraignment refutes his assertion that counsel coerced him to plead guilty. Consequently, this ineffective assistance of counsel claim also lacks merit.

## III.     CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed April 4th, 2022.

_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE